IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HAROLD DESCAULT, a/k/a  :
RONALD DESCAULT,
                        :
    Plaintiff,
                        :
vs.                       CIVIL ACTION 05-558-WS-M
                        :
BALDWIN COUNTY, ALABAMA,
et al.,                 :

    Defendants.         :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After consideration of the pleadings, and for the reasons set forth below, it is recommended that this action be dismissed, without prejudice, prior to service of process, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff's claims are frivolous, fail to state a claim upon which relief could be granted, or seek monetary relief from a defendant who is immune from such relief. Alternatively, the Court recommends that this action be dismissed, without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute.

I. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court

has reviewed Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a complaint may be dismissed as "frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, the claim seeks to enforce a right which clearly does not exist, id., or there is an affirmative defense which would defeat the claim, such as the statute of limitations, res judicata, collateral estoppel, or absolute immunity.  Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke, 490 U.S. at 327.  Under § 1915(e)(2)(B)(ii), a complaint may be dismissed for failure to state a claim upon which relief may be granted, "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Dismissal can occur "at any time" if the Court determines that the action fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

In addition, because Plaintiff is proceeding against a

government officer, the Court has reviewed Plaintiff's complaint under 28 U.S.C. § 1915A.[1] "Section 1915A requires the court to review a complaint filed by a prisoner-plaintiff against a government officer and to dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." Baxter v. Washington, 201 Fed. Appx. 656, 657 (11th Cir. 2006). "A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief." Id. (citing Brower v. County of Inyo, 489 U.S. 593, 598 (1989)).

## II. DISCUSSION

As discussed above, a prisoner who is allowed to proceed *in forma pauperis* in this Court and/or who files a complaint against a government officer or employee will have his complaint screened in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, respectively. This screening procedure requires the Court to dismiss a prisoner's civil action prior to service of

---

[1] The predecessor to §§ 1915(e)(2)(B) and 1915A and is 28 U.S.C. § 1915(d). Although Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. §§ 1915(e)(2)(B)and 1915A in the Prison Litigation Reform Act of 1996 ("PLRA"), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319 (1989), was unaltered. See Bilal v. Driver, 251 F.3d 1346, 1348-49 (11th Cir. 2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000); Looney v. Hetzel, 2001 WL 395153, *2 n.2 (S.D. Ala. 2001) (unpublished). However, dismissal under §§ 1915(e)(2)(B) and 1915A(b) is now mandatory. Bilal, 251 F.3d at 1348-49; Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 775 (7th Cir. 2002).

process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A(b)(1)-(2).

For purposes of this analysis, the Court assumes as true the allegations in Plaintiff's complaint.  According to Plaintiff, in March, 2005, he was pulled over by the police for suspicion of D.U.I.  (Doc. 1 at 4).  When it was subsequently discovered that the vehicle that he was driving had been reported stolen in New Jersey, he was charged with bringing stolen property into the state of Alabama and transferred to the Baldwin County Corrections Center.  (Id.).

On October 3, 2005, while incarcerated in the Baldwin County Corrections Center, Plaintiff filed the subject complaint under 42 U.S.C. § 1983 against Defendants, Baldwin County, Alabama; District Attorney David Whetstone; J. Clark Stankoski, Esq.; and Pascal Bruijn, Esq.  (Id. at 11-12).  Plaintiff claims that, during his incarceration in the Baldwin County Corrections Center from March, 2005, to May, 2006, he was not allowed to appear, in person, in court on any occasion.[2]  Rather, he was represented in

---

[2] Specifically, Plaintiff alleges that he was not taken to court for an initial appearance or a bond hearing; instead, he was informed that the bond that he had been given at the police station remained unchanged.  (Doc. 1 at 7).  Likewise, he was not taken to court when the court conducted a preliminary hearing on May 13, 2005.  Plaintiff was informed that the court had found enough evidence to bind him over to the grand jury.  (Id.).

court by court-appointed attorneys, without his consent,[3] and he was allowed to appear at his arraignment only by means of a live video feed from the corrections center.[4]  (Doc. 1 at 4; Doc. 12 at 2).  In March, 2006, Plaintiff was taken to court where the charges against him were dismissed.  (Doc. 7).

In this action, Plaintiff complains that he should not have been left in jail indefinitely without being allowed to appear in court, in person, on his own behalf.  Instead, he was represented through court-appointed attorneys, without his consent, and forced to appear before the court via live video.  (Doc. 1 at 9-10; Doc. 7).  Plaintiff claims that Defendants' failure to provide him timely access to the court, in person, during his incarceration at the Baldwin County Corrections Center constitutes a denial of access to the courts.  Plaintiff seeks compensatory and punitive damages for this alleged constitutional violation.  (Doc. 1 at 6).

Having considered Plaintiff's complaint in its entirety, the Court finds that Plaintiff's allegations fail to establish any claim against these defendants for which relief could be granted.

---

[3] The court appointed J. Clark Stankoski to represent Plaintiff on May 16, 2005. (Doc. 1 at 7-9).  After Stankoski filed a motion to withdraw as counsel, the court appointed Pascal Bruijn to represent Plaintiff on August 23, 2005.  (Id.).

[4] Plaintiff was indicted on May 17, 2005.  (Doc. 1 at 7). In July, 2005, Plaintiff was arraigned, in the presence of his court-appointed counsel, Stankoski, via video feed from the corrections center.  (Id. at 9).

1. <u>Plaintiff's Claim Against Defendants Stankoski and Bruijn</u>.

Plaintiff has named J. Clark Stankoski, Esq., and Pascal Bruijn, Esq., his court-appointed attorneys, as defendants in this action seeking redress for an alleged denial of access to the courts. However, Plaintiff does not allege that Stankoski or Bruijn acted under color of state law.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) that the defendant deprived him "of a right secured under the Constitution or federal law and (2) that the deprivation occurred under color of state law." <u>Willis v. University Health Servs., Inc.</u>, 993 F.2d 837, 840 (11th Cir. 1993).

> Previously, this circuit set forth the three primary tests the Supreme Court has used to determine whether state action exists: (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. <u>National Broadcasting Co., Inc. v. Communications Workers of America, AFL-CIO</u>, 860 F.2d 1022, 1026 (11th Cir. 1988). The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." <u>NBC</u>, 860 F.2d at 1026 (citations omitted). The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." <u>NBC</u>, 860 F.2d at 1026 (citations omitted). The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." <u>NBC</u>, 860 F.2d at 1026-27 (citations omitted). We must determine on a case-by-case basis whether

>      sufficient state action is present from a
>      non-state actor (defendant) to sustain a
>      section 1983 claim.

Willis, 993 F.2d at 840.

From the allegations contained in Plaintiff's complaint, Defendants Stankoski and Bruijn do not appear to be typical state actors. To the contrary, Plaintiff's allegations indicate that these defendants, appointed by the court to provide legal representation to Plaintiff in his criminal proceedings, are private citizens. (Doc. 1 at 7-9). There are no allegations that, as private actors, Stankoski or Bruijn performed traditional state functions, that they were coerced into unconstitutional action by the State, or that they were engaged in a joint enterprise with the State.

Indeed, it has been held that, in the absence of a conspiracy, which is not alleged here, court-appointed, criminal defense counsel does not act under color of state law as required in a § 1983 action. See Polk County v. Dodson, 454 U.S. 312, 318 (1981) (reasoning that "[e]xcept for the source of payment, [the] relationship [between criminal defendant and defense counsel is] identical to that existing between any other lawyer and client."). In Polk County, the Supreme Court concluded that "[t]his [relationship] is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." Id., 454 U.S. at 319 (footnote omitted). Likewise, court-appointed, criminal defense counsel

carried out the traditional functions of a lawyer representing a criminal defendant and, therefore, did not act under color of state law.  Id. at 325.  Thus, Plaintiff's § 1983 complaint against criminal defense counsel had to be dismissed for lack of state action.  Id.

Because Plaintiff does not allege a deprivation by Defendants Stankoski and Bruijn that occurred under color of state law, the Court concludes that Plaintiff's § 1983 claim against these two defendants "lacks an arguable basis in law" and is, therefore, frivolous under § 1915(e)(2)(B)(i).  See Neitzke, 490 U.S. at 325.  Moreover, because § 1983 relief could not be granted under any set of facts that could be proved consistent with Plaintiff's allegations against Defendants Stankoski and Bruijn, the Court further concludes that Plaintiff's complaint against them fails to state a claim upon which relief can be granted and is, therefore, due to be dismissed under § 1915(e)(2)(B)(ii).  See Hishon, 467 U.S. at 73.

> 2. Plaintiff's Claim Against Defendants Whetstone and Baldwin County.

Plaintiff also names as defendants in his action Baldwin County District Attorney David Whetstone and Baldwin County, Alabama.  In order to state a claim under § 1983, a plaintiff must establish a causal connection between a defendant's actions, orders, customs, policies, or breaches of statutory duty and the alleged deprivation of his constitutional rights.  Zatler v.

Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982).  "Section 1983 requires proof of an affirmative causal connection between the official act or omission complained of and the alleged constitutional deprivation."  Wallace v. Smith, 145 Fed. Appx. 300, 301 (11th Cir. 2005) (unpublished) (quoting Bailey v. Board of County Comm'rs, 956 F.2d 1112, 1124 (11th Cir. 1992)).

Assuming, *arguendo*, that Plaintiff suffered a constitutional deprivation by not being allowed to appear in person in court while he was incarcerated at the Baldwin County Corrections Center, Plaintiff does not allege how Defendant Whetstone or Defendant Baldwin County caused that alleged deprivation.  Plaintiff does not allege any personal involvement by Defendant Whetstone in any decisions that were made concerning Plaintiff's appearance in court.  Plaintiff alleges only that District Attorney Whetstone is responsible for "condoning, if not contriving and instituting, the unconstitutional tactics practiced in Baldwin County's judicial jurisdiction."  "He takes credit and applies his name in accord with everything that comes from that office, as it is all purportedly under his direct supervision."  (Doc. 1 at 5).  With respect to Defendant Baldwin County, Plaintiff alleges "collaboration is encompassed within the entire [Baldwin County] system."  (Id. at 12).  These allegations fail to even hint at a causal connection between any action, order, custom, policy, or breach of statutory duty by

either of these two defendants and Plaintiff's alleged denial of access to the court.

Having reviewed Plaintiff's complaint in its entirety as it relates to Defendants Whetstone and Baldwin County, the Court concludes that § 1983 relief could not be granted under any set of facts that could be proved consistent with Plaintiff's allegations against these defendants, as Plaintiff does not allege a causal connection between these defendants and his alleged denial of access to the courts.

In addition, with respect to Defendant District Attorney Whetstone, Plaintiff's action fails to state a claim upon which relief can be granted inasmuch as Defendant Whetstone is entitled to absolute prosecutorial immunity for actions taken within the scope of his duties as the county district attorney.  See Imbler v. Pachtman, 424 U.S. 409, 431 (1976) ("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); Prince v. Wallace, 568 F.2d 1176, 1178 -79 (5th Cir. 1978) (district attorney was entitled to absolute prosecutorial immunity from Plaintiff's § 1983 suit for damages alleging the deprivation of his right to a speedy trial); Pierce v. Roberts, 2007 WL 433545, *3 (M.D. Ga. 2007) (slip opinion) (district attorney was entitled to absolute prosecutorial immunity from Plaintiff's § 1983 claim for deprivation of his right to a speedy trial).

Therefore, for each of these reasons, the Court concludes

that Plaintiff's § 1983 claim against Defendants Whetstone and Baldwin County "lacks an arguable basis in law" and is, therefore, frivolous under § 1915(e)(2)(B)(i), and fails to state a claim upon which relief can be granted and is, therefore, due to be dismissed under § 1915(e)(2)(B)(ii).  Because Defendant Whetstone is a government official, Plaintiff's claim against him is due to be dismissed under 28 U.S.C. § 1915A(b)(1) and (2), as well.

        3.    <u>Plaintiff's Failure to Prosecute</u>.

In addition to the foregoing, Plaintiff's complaint is due to be dismissed for his failure to prosecute this action.  On February 8, 2007, the Court ordered Plaintiff to inform the Court by February 22, 2007, if he wanted to proceed with the prosecution of this action (Doc. 9).  The Order was mailed to Plaintiff at the Escambia County Jail, P. O. Box 17800, Pensacola, Florida 32522.  The Order was returned with the notation "Return to Sender No Longer at This Address."  On March 7, 2007, Plaintiff filed an Objection to the Report and Recommendation with a Summary Brief in Support of his Objection to the Report and Recommendation.  (Docs. 12, 13).  In the objection, Plaintiff advised the Court that he wanted to continue to prosecute this action and that he was still incarcerated in the Escambia County Jail, but he never received the Court's Order dated February 8, 2007, due to the "ineptitude" of his jailers.  In light of Plaintiff's objection, on March 9, 2007, the

undersigned withdrew the Report and Recommendation entered on February 23, 2007.  (Doc. 11).

On March 16, 2007, the Court's Order dated March 9, 2007, was returned to the Court with the notation "No Longer at This Address."  (Doc. 15).  The Court contacted the Escambia County Jail on March 19, 2007, and discovered that Plaintiff was released on his own recognizance on March 13, 2007, and did not have a forwarding address, because Plaintiff is a transient.  The Court further discovered that Plaintiff's correct name is "Ronald Descault," not "Harold Descault," as previously listed in the complaint.  Plaintiff was previously advised that it is his responsibility to advise the Court immediately of any change of address, e.g., when Plaintiff is transferred, released, etc., or he would suffer the dismissal of this action for failure to prosecute and to obey the Court's Order.  (Docs. 1, 14).  Plaintiff has not advised the Court of a change in his address, and there is no current address for him.  Thus, the Court finds that Plaintiff has abandoned the prosecution of this action.

Due to Plaintiff's failure to prosecute, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  See Link v. Wabash R.R., 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua

sponte an action for lack of prosecution).  See also World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).

## CONCLUSION

Based upon the foregoing, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)and 1915A.  Alternatively, the Court recommends that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   Objection.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation,

>unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 22nd day of March, 2007.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE